The Kentucky and Indiana Bridge Company *v.* Hall.

Filed Sept. 26, 1890.

---

No. 14,440.

THE KENTUCKY AND INDIANA BRIDGE COMPANY *v.* HALL.

NEGLIGENCE.—*Action for Personal Injuries.—Complaint.—Fellow-Servants.— Contributory Negligence of.—Need not be Negatived.*—In an action by an employee of a railroad company against another corporation, in this instance a bridge company, for damages for personal injuries, it is not necessary to allege in the complaint that the fellow-servants of the plaintiff were not guilty of negligence contributing to the injury.

The Kentucky and Indiana Bridge Company *v.* Hall.

CORPORATION.—*Action for Damages Against.—Release of One Corporation.—When will not Release Corporation Sued.*—The execution of a release by the plaintiff to the railroad corporation which employed him would not act as a release of the bridge corporation sued, if from the evidence the jury might conclude that the corporation to which the release was executed was in no way responsible for the accident.

EVIDENCE.— *Written Instrument.—Parol Evidence.—For what Purposes Admissible.*—Parol evidence may not be introduced to impeach the contents of a writing, or to control its legal effect; but the circumstances under which a writing is executed, or the consideration upon which it rests, may always be shown by parol.

From the Floyd Circuit Court.

*A. Dowling,* for appellant.

*C. L. Jewett* and *H. E. Jewett,* for appellee.

BERKSHIRE, C. J.—The facts, as they appear in the record, are very briefly but fairly and clearly stated in the brief of appellant's counsel, so far as his statement goes, and we feel justified in adopting the statement thus made. It is as follows :

" The appellee, Joseph B. Hall, sued the appellant for a personal injury. The cause was tried by a jury, and resulted in a verdict for $225, and judgment upon the verdict. The complaint alleges that the plaintiff was employed as a brakeman on the passenger trains of the Louisville, Evansville and St. Louis Railroad Company; that the company used the track of the Jeffersonville, Madison and Indianapolis Company from State street, in the city of New Albany, through said city ; that the Kentucky and Indiana Bridge Company was engaged in running its cars and trains through said city over the tracks of the Louisville, New Albany and Chicago Railway Company ; that these tracks cross each other at the intersection of Main and Vincennes streets in the said city of New Albany; that at said crossing a flagman was stationed, and that certain signals had been adopted, whereby the running of the trains of the different railroad companies using the said crossing was regulated ; that, on the 14th day of April, 1887, the appellee was on a train of the Louisville,

Evansville and St. Louis Railroad Company, approaching said crossing; that at the same time the appellant's train was also approaching it; that the flagman at the crossing signaled the train on which the appellee was was to ' come on,' and at the same time gave the signal to the train of the appellant to stop; that the persons in charge of appellant's train, negligently disregarding the signal, caused said train to move on to the said crossing, and ran into and against the train of the Louisville, Evansville and St. Louis Railroad Company, thereby injuring the appellee, without his fault, etc. The appellant demurred to the complaint. The demurrer was overruled, and the appellant excepted. The appellant filed its answer in denial and a special plea. The appellee filed his reply to the second paragraph of the answer. The cause was tried, with the result above stated. The appellant filed his motion for a new trial. This motion was overruled, and the appellant excepted. There was judgment upon the verdict."

The second paragraph of answer counted on a written release executed by the appellee to the Louisville, Evansville, and St. Louis Railroad Company, for a consideration of fifty dollars. It alleges that the appellee claimed that the said company was jointly liable with the appellant for said injury, and made a claim against it for damages, and in settlement thereof said company paid the sum of fifty dollars, and the appellee executed said release. The appellee replied in two paragraphs—the denial and want of consideration.

The errors assigned are :

1. The decision of the court overruling the demurrer to the complaint; and, 2. The decision of the court overruling the appellant's motion for a new trial.

The motion for a new trial stated two reasons :

1. The verdict of the jury is not sustained by sufficient evidence.

2. The verdict is contrary to law.

The objection made to the complaint is that there is no

allegation therein that the fellow-servants of the appellee were not guilty of negligence contributing to the injury.

Counsel for the appellant cites no authority in support of his position, and we know of none.

The farthest that this court has ever gone, in actions to recover damages for negligence, is to require the plaintiff to affirm in his complaint, by negative averments, that his own negligence did not contribute to the injury.

We have gone as far in that direction, probably, as any other court, and to go further and require the plaintiff to insert in this class of actions other negative averments in his complaint would place us out of line with all of the authorities. But if there had been an affirmative plea filed by the appellant alleging contributory negligence on the part of the fellow-servants of the appellee, as a defence to the action, the question would have been before us as to whether or not the negligence of such fellow-servants could be imputed to the appellee, a question which would not be entirely free from difficulty.

But as the question is not before us, we intimate no opinion with reference to it. But see *Town of Knightstown* v. *Musgrove*, 116 Ind. 121.

The evidence was ample to lead the jury to the conclusion that the appellant was guilty of negligence, but for which the accident would not have happened, and to acquit the appellee of contributory negligence.

No question was raised as to the sufficiency of the second paragraph of answer, and hence we are not called upon to consider it.

Conceding, but not deciding, that the answer was good, the jury were fully justified by the evidence in finding against the appellant upon the issue thereby tendered.

It is true the appellee executed to his employer, the L. E. & St. L. R. R. Co., a release, but the evidence fails to show that he ever made any demand against that company for damages on account of the injury, or ever claimed that it was

in any way responsible for the accident. The circumstances proven, brought out by the appellant, show to the contrary.

We recognize the rule that parol evidence may not be introduced to impeach the contents of a writing, or to control its legal effect; but the circumstances under which a writing is executed, or the consideration upon which it rests, may always be shown by parol.

From the evidence before them the jury might well conclude that the L. E. & St. L. R. R. Co. was in no way responsible for the accident, and, if not, there was no joint liability to which the rule that the release of one joint wrongdoer has the effect to discharge all others.

We find no error in the record.

Judgment affirmed, with costs.

