## Lawrence v. Board of Councilmen of the City of Frankfort.

(Decided February 4, 1915.)

### Appeal from Franklin Circuit Court.

Evidence—Paper Releasing Claim for Damages—Mistake in Execution of—Instructions.—Where a person who was injured by the alleged negligence of two parties received from one of them after suit was brought a certain sum in settlement of his claim for damages and executed a writing to this effect, the writing, unexplained, would be a bar to the prosecution of the action, but where it appeared from the evidence that it was the intention of all parties that the paper was only to release the one to whom it was given, the court properly instructed the jury that they should find for the oher defendant unless they believed that the paper was only intended to be a release as to the one to whom it was given.

J. HUNT JACKSON and BROWN & NUCKOLS for appellant.

F. M. DAILEY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Lawrence, as plaintiff, brought this suit against the Board of Councilmen of the City of Frankfort and Henry Ringold to recover damages for personal injuries sustained, as he alleged, by the failure of the city and Ringold to keep the sidewalk in front of Ringold's store on St. Clair street in a reasonably safe condition for travel.

The suit was not prosecuted as to Ringold for reasons that will be presently stated, and on a trial before

a jury on the issues made with the city, there was a judgment for the city, and Lawrence appeals.

In its answer the city, after denying that the sidewalk was in an unsafe condition for travel, pleaded in bar of the action the execution of a paper signed by Lawrence in which he accepted $25 paid him by Ringold "in full for all damages received by me and upon which suit has been brought because of the fall on the sidewalk in front of said Ringold's store on St. Clair street."

In avoidance of this paper, which was a settlement of the damage suit pending at the time the paper was executed, Lawrence, in a reply, averred that it was intended and understood by Ringold and himself that the paper was only a settlement of the claim for damages so far as Ringold was concerned and that the words quoted were inserted in the receipt by mutual mistake and oversight on the part of himself and Ringold, as it was not intended by either of them that the payment should be received as satisfaction in full of his cause of action.

On a trial of the case there was some evidence that the sidewalk at the place where Lawrence claimed to have fallen was not in a reasonably safe condition for travel, but the decided weight of the evidence both numerically and in probative value was to the effect that the sidewalk was in a reasonably safe condition for public travel; so that, under the evidence upon this issue, the jury could not very well have found a verdict for Lawrence.

It is said, however, that certain errors of law were committed by the trial court that entitle the appellant to a new trial.   One relates to the evidence of a witness named Sharp who was in front of Ringold's place of business at the time Lawrence received the injuries complained of, and who was permitted to testify as to the condition of the sidewalk, but not allowed to say that "I made a slip there."   Whether he made the slip at the exact place where Lawrence claims to have fallen does not appear; and, for this reason, if no other, we think the court correctly excluded so much of his evidence as attempted to relate the fact that he had slipped there.

Concerning the paper relied on by the city in bar of the action, the evidence of Ringold, Lawrence and Edwards, the only parties who knew anything about the

execution of this paper, was to the effect that all of them intended the paper as a settlement only of the claim of Lawrence against Ringold and that the $25 was not paid or received in settlement of his suit for damages or in settlement of his claim against the city, although the paper itself showed that it was in settlement of his suit for damages, and was a good defense to this action against the city.

With the pleadings and evidence in the condition stated, the court told the jury that they should "find for the defendant (city) unless they believed from the evidence that the receipt and release for $25 given to Ringold was only intended by plaintiff and Ringold as a partial settlement of plaintiff's claim for damages, and was not intended for a full settlement of his entire claim for damages."

It is said that the court, in place of giving this instruction, should have told the jury that if they assessed any damages in favor of Lawrence they should credit it by $25, the amount paid by Ringold. We think, however, the instruction of the court aptly presented to the jury the issue in respect to this writing. The writing, which was admittedly signed by Lawrence, showed on its face that he received the $25 in full settlement of his claim for damages, and the burden was on him to overcome the effect of this writing, which he attempted to do by the evidence of himself, Ringold and Edwards. If, as said by the court in the instruction, the writing was only intended to be a settlement of a claim against Ringold, then it was not a settlement of his claim for damages, and, consequently, not a bar to a recovery against the city. On the other hand, unless they believed that it was only intended to settle his claim for damages as far as Ringold was concerned, it was a bar to any recovery against the city.

Some suggestion is made as to misconduct of counsel for the city in his argument to the jury, but we do not find in the bill of exceptions that any objection was made to the argument of counsel.

It is also said that the court erred in failing to instruct the jury upon the subject of Lawrence's right to recover damages for the impairment of his power to earn money, but, as the jury did not find for him at all, it is not apparent how this omission was prejudicial.

The judgment is affirmed.