## Deatley v. Phillips.

December 13, 1949.

M. Hargett and Philip Hargett for appellant.

James M. Collins, Jr. for appellee.

MORRIS, COMMISSIONER—Reversing.

Leroy Deatley met his death December 28, 1943, in a collision of a C. & O. train and a taxicab owned and operated by appellees, doing business as Phillips Taxicab Company. His administrator sought to recover from defendant $10,000 for his estate, alleging that death was due to the careless and negligent manner in which the taxi was operated, and so as to cause it to collide with a C. & O. railway train at the intersection of its tracks and a street in Maysville.

In answer appellee plead that following his qualification the administrator filed a claim against the

C. & O., and on January 10, 1944 by agreement with the C. & O. the claim was settled in consideration of the sum of $1500. The release incorporated in the answer reads:

"Jan. 10. For this amount agreed upon and accepted, without any other consideration, promise or agreement, in full satisfaction, release and discharge of any and all claims or causes of action whatever, arising from or growing out of or in any way connected with the fatal injury to the said Leroy Deatley, at or near Maysville, Ky., on or about Dec. 24, 1943, $1300."

The defendant pleads that by reason of the claim against the C. & O. which "was founded upon the same facts pleaded in the petition and which caused the death of plaintiff's intestate, the railway company was a joint tort feasor, in that their joint tort, if any, brought about the injury and death of decedent;" that but one cause of action "exists in favor of plaintiff against the C. & O. and this defendant, and the release in settlement was in satisfaction, and a full and complete release of all liabilities arising out of the cause of action set up in plaintiff's petition," and bars this action.

In reply and amended reply plaintiff denied the allegations of the answer, but says "it is true that he entered into a certain writing, but that said writing does not contain the whole agreement made by the parties, and that defendant was neither party nor privy to said agreement or any part thereof." After setting out that his decedent was killed in the collision, it is alleged that the death was caused by the gross negligence of the driver of the taxi; that an agent of the C. & O. approached plaintiff and offered to enter into an agreement with plaintiff not to sue the railway company for damages on account of the death of Leroy Deatley, but "without acknowledging that his death was brought about by any negligence of the railway company, or its servants, and it was agreed that no action should be brought against the C. & O. and in consideration of this covenant the company paid plaintiff as administrator $1300, and he then signed the lease."

It is alleged that "said agreement was not to be construed as a release from liability of the Phillips Taxicab Company, and it was expressly understood by

the parties * * * that the covenant applied to the railway company only, plaintiff to retain its cause against the taxicab company, and the right to sue it for damages.'' In a second paragraph it was denied, as plead in answer, that the C. & O. was a joint tort feasor, or that it was guilty of any negligence which contributed to the death of decedent; that the death was due to the carelessness and gross negligence of defendant's taxicab operator. Demurrer to the reply was sustained; plaintiff declined to plead further and his petition was dismissed, with appeal granted.

Appellant contends that the court was in error in sustaining the demurrer because two issues of fact were presented by the answer and reply, upon which proof was competent and admissible and should have been heard. One, whether or not the railway company and defendant were, in fact and law, joint tort feasors. The other question is whether or not oral proof could be introduced showing that the true agreement was not contained in the excerpt from the written release, and this question is the basis of argument by both parties.

On the first point it may be noted that appellee by his pleadings alleges that the railway company and taxicab company were not joint tort feasors, and pleads that the death of his intestate was caused solely by the negligence of the taxicab company. On the other hand appellee pleads that they were, because recovery was based ''upon the facts plead in the petition and which produced the injury and that by reason thereof the railway company is a joint tort feasor, in that their joint tort brought about the injury.'' This pleading does not state facts which would allow the court or a jury to determine whether or not the two parties were in fact joint tort feasors.

This was not the state of case in Miller's Adm'x v. Picard, 301 Ky. 157, 191 S. W. 2d 202. There we had no difficulty in determining from the pleadings and facts related that the sheriff and taxicab owners were joint feasors, nor in Oglesby v. Melcroft Coal Co., 220 Ky. 508, 295 S. W. 421, where three defendants were charged with negligence.

Since appellee relies strongly on the Miller-Picard case, we may point out the distinction in that and the

instant case, which gives rise to the conclusion that the demurrer should not have been sustained. In the Miller case the personal representative sued the taxicab owner, and during pendency settled, the representative signing a full and complete release. Thereafter suit was instituted against the sheriff who had shot into the taxi and killed the girl. The sheriff in answer 'plead the settlement as a complete bar and the court overruled the demurrer; the plaintiff plead no further and his petition was dismissed. There was no reply; the demurrer admitted the facts plead in the answer.

There can be no argument or disagreement as to the soundness of the law as set out in the Miller-Picard case, and the cases cited therein and those cited by appellee, and if the pleadings were not as we have stated we would have no hesitancy in applying the generally accepted rule that a full and complete settlement of claimant with one established as a joint tort feasor, is a bar to action against another or others.

The argument of appellees on the question of admissibility of oral testimony to show, if it may be shown, that the alleged release as is incorporated in the answer, does not reflect all of the agreement, is not thoroughly developed in appellee's brief. It is only stated that the rule is that a general release in the form of a receipt "as we have in this case, cannot be varied or impeached by parol," citing applicable cases.

Section 371.030, KRS provides that the consideration of any writing with or without seal, may be impeached by verified pleading. The effect of this statute was to abolish the distinction between sealed and unsealed instruments. Thompson-Starrett Co. v. Mason's Adm'rs., 304 Ky. 764, 201 S. W. 2d 876. We have held that the consideration for a written contract may be shown by oral proof without a charge of mistake or fraud. Ashland Oil and Refining Co. v. Darton, 300 Ky. 385, 189 S. W. 2d 394; Harshbarger v. Bryan, 232 Ky. 816, 24 S. W. 2d 60; Fitzgerald v. Union Stock Yards, 89 Neb. 393, 131 N. W. 612, 33 L. R. A., N. S., 983.

On the issue as to whether or not the railway company was or is in law and fact a joint tort feasor, if it may be shown that the railway company was not in anywise negligent in the operation of its train, and not re-

sponsible for or contributed to the accident, the rule as to joint liability would not apply. Kentucky & I. Bridge Company v. Hall, 125 Ind. 220, 25 N. E. 219. On the other question it might be developed that the contract was as is stated in the reply of plaintiff, or that the release was only in part satisfaction for the injury and death of plaintiff's intestate. Louisville & Evansville Co. Mail v. Barnes' Admr., 117 Ky. 860, 79 S. W. 261, 64 L. R. A. 574, 111 Am. St. Rep. 273; Louisville Gas & Electric Co. v. Beaucond, 188 Ky. 725, 224 S. W. 179.

The opinion in Lawrence v. Board of Councilmen of City of Frankfort, 162 Ky. 528, 172 S. W. 953, not cited by either party, is conclusive of the appeal at hand. Lawrence was injured by a fall on the pavement in front of one Ringold's store in Frankfort. He sought recovery in a suit against both the City and Ringold, the owner of the store. In the city's answer it plead in bar of the action against it, that Lawrence had signed a paper executed to Ringold by which he accepted payment ' "in full for all damages received by me and upon which suit has been brought because of the fall on the sidewalk in front of said Ringold's store on St. Clair street.' In avoidance of this paper, which was a settlement of the damage suit pending at the time * * *, Lawrence, in a reply, averred that it was intended and understood by Ringold and himself that the paper was only a settlement of the claim for damages insofar as Ringold was concerned, and that the words quoted were inserted in the receipt by mutual mistake * * * on the part of himself and Ringold, as it was not intended by either of them that the payment should be received as satisfaction in full of his cause of action."

The opinion then goes into the evidence relative to the city's liability, reverts to the release and reads: "Concerning the paper relied on by the city in bar of the action, the evidence of Ringold, Lawrence, and Edwards, the only parties who knew anything about the execution of this paper, was to the effect that all of them intended the paper as a settlement only of the claim of Lawrence against Ringold, * * * (and not) in settlement of his suit for damages * * * although the paper itself showed that it was in settlement of his suit for damages."

We then held that with the pleadings and evidence in this condition, the court correctly told the jury it should find for the city "unless they believed from the evidence that the * * * release * * * given to Ringold was only intended * * * as a partial settlement of plaintiff's claim for damages, and was not intended for a full settlement of his entire claim for damages." We continued: "We think, however, the instruction of the court aptly presented to the jury the issue in respect to this writing. The writing, which was admittedly signed by Lawrence, showed on its face that he received the $25 in full settlement of his claim for damages * * *. If, as said by the court in the instruction, the writing was only intended to be a settlement of a claim against Ringold, then it was not a settlement of his claim for damages, and consequently, not a bar to a recovery against the city," otherwise it would constitute a bar.

We are of the opinion that the Lawrence case is applicable here, in fact conclusive. It follows that we must and do conclude that the court should have not sustained the demurrer to the reply. The judgment is reversed with directions to set aside the order and enter one overruling the demurrer, and for such proceedings as may be consistent herewith.

Judgment reversed.