**DEATLEY'S ADM'R v. PHILLIPS et al.**

Court of Appeals of Kentucky.

Nov. 21, 1951.

M. Hargett, Philip Hargett, Maysville, for appellant.

James M. Collins Jr., Maysville, for appellee.

LATIMER, Justice.

This is the second appeal in this case. The opinion reversing the judgment on the first trial is reported in 311 Ky. 698, 225 S.W.2d 296. Upon retrial the jury returned a verdict for appellant in the sum of $1000. The court sustained appellee's motion to credit this judgment with $1300, the amount of settlement made by the C. and O. Railway Company with appellant.

Appellant is here seeking reversal chiefly on the ground that the trial court erred in so crediting the judgment.

Appellee takes the position that, inasmuch as the credit of $1300 nullifies the judgment, no reason existed for an appeal or cross-appeal, but insists that the judgment should be affirmed. However, appellee argues that the court should have peremptorily instructed the jury to find for appellee and that appellant was contributorily negligent as a matter of law. In the absence of an appeal or cross-appeal we cannot consider those questions.

Appellant in his brief contends that the trial court erred in deducting the $1300 from the jury's verdict and insists that the judgment for $1000 without any deduction

should stand, but further insists that, if this can't be done, the judgment should be reversed with directions for a new trial. Since we have concluded that the trial court erred in diminishing the judgment, it will be unnecessary to consider the other grounds as urged.

The general background and circumstances are to be found in the opinion in the first appeal. We, therefore, will make no further statement of facts except those relative to the question as to whether or not the C. & O. Railway Company was a joint tort-feasor.

. Appellee by his pleading charges that the Railway Company was a joint tort-feasor. Appellant denied this and plead that the death was due solely to the carelessness and negligence of appellee's taxicab operator. Appellee insisted that only one cause of action existed against the joint tort-feasors and the release and settlement from the C. & O. Railway Company was in satisfaction of and a full and complete release of all liabilities arising out of the cause of action.

At the second trial the parties had the benefit of the opinion in the former appeal. In that opinion it was pointed out [311 Ky. 698, 225 S.W.2d 298]: "On the issue as to whether or not the railway company was or is in law and fact a joint tort feasor, if it may be shown that the railway company was not in anywise negligent in the operation of its train, and not responsible for or contributed to the accident, the rule as to joint liability would not apply. Kentucky & I. Bridge Company v. Hall, 125 Ind. 220, 25 N.E. 219. On the other question it might be developed that the contract was as is stated in the reply of plaintiff, or that the release was only in part satisfaction for the injury and death of plaintiff's intestate. Louisville & Evansville Co. Mail v. Barnes' Adm'r, 117 Ky. 860, 79 S.W. 261, 64 L.R.A. 574, 111 Am.St.Rep. 273; Louisville Gas & Electric Co. v. Beaucond, 188 Ky. 725, 224 S.W. 179."

With that in mind the case proceeded to trial. Much of the testimony was based on the settlement made with C. & O. Railway Company. There was proof that the settlement was voluntary; that the release as signed did not reflect the entire agreement; that at the time same was signed appellant insisted that there was no negligence on part of the Railway Company; and that appellant would not accept any settlement in satisfaction of his claim against appellee.

Aside from the testimony relative to the release agreement, there was scant evidence indicating that the C. & O. Railway Company was a joint tort-feasor. However, the court submitted to the jury that question in these words: "If the Jury believe from the evidence that the release executed by Deatley's Administrator to the C. & O. Railway Company on January 10, 1944 contained the whole agreement between the parties, and there was no express reservation of the right to sue Howard Phillips, then the release was a full and complete release of all claims growing out of said accident, and if you so believe, then the law is for the defendant, and you shall so find, if you shall also believe that the said railway company is a joint tort-feasor in this accident."

After instructions had been given the jury retired to consider the case. After a lapse of some time the jury returned with inquiry as to whether or not a deduction in the amount of $1300 would be made should a verdict be returned in the sum of $2300. Motion was made for the court to give the requested instruction to the jury. Objection was made by defendant's counsel and the court sustained the objection.

We think that the instruction above properly took care of the matter and that additional instruction was unnecessary. The jury was told that if it should believe that the release contained the whole agreement the law was for the defendant, and that the jury should so find, if it should also find the railway company to be a joint tort-feasor.

The jury's verdict, under the above instruction, was against the defendant. This, in substance, was a finding that the release agreement was not the whole agreement and that the railway company was not a joint tort-feasor.

Crediting the judgment with $1300, the settlement as between the appellant and the C. & O. Railway Company, is fundamentally based upon the right of con-

tribution, as between joint tort-feasors. The right of contribution arises between parties when one of the parties satisfies a common obligation, burden or liability. This principle applies only in cases where the situation of the parties are equal. It is essential that the payment by one must have either been compulsory or that there must have been legal obligation. A voluntary payment of an amount made without legal obligation is not sufficient to compel contribution, although paid under a mistaken belief of liability.

The policy of the law permits inquiry into the relative delinquency of parties in the case of joint tort-feasors. A party, whose liability is constructive or derivative only, who has been forced to respond in damages, may obtain contribution or even redress against the actual wrongdoer. The rule is that joint tort-feasors can be subjected to a common liability only where there is concurring negligence. If a common liability actually exists, payment cannot be considered as voluntary. True, one of several cotort-feasors, who have incurred a common liability, may in good faith enter into a compromise with the injured person and satisfy the entire liability without endangering his right to contribution or assuming the character of a volunteer.

The rule that a settlement with one joint tort-feasor bars recovery against all other tort-feasors for the same cause is based on the presumption that they are cotort-feasors. See 13 Am.Juris., Contribution, Section 7 and following.

Appellant cites the Wisconsin case, Papenfus v. Shell Oil Co., 254 Wis. 233, 35 N.W.2d 920, wherein it was found that a settlement was necessarily considered a gratuity, because the jury found the party making the payment not to be a joint tort-feasor. It is similarly true in this case. By its verdict against defendant the jury in fact found the C. & O. not to be a joint tort-feasor. Consequently, the court erred in crediting the judgment with the voluntary and gratuitous amount paid by the C. & O. Railway Company. To that extent the judgment is reversed.

The judgment of $1000 against the defendant is affirmed.