**COMMONWEALTH of Kentucky, DEPT. OF HIGHWAYS, Appellant,**

v.

**William L. SCHMEHR et al., Appellees.**

Court of Appeals of Kentucky.

March 12, 1965.

Robert Matthews, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Thomas L. Withers, Henderson, for appellant.

William L. Sullivan, Dorsey & Sullivan, Henderson, for appellees.

DAVIS, Commissioner.

This condemnation case presents questions touching the effect of a prior settlement by the appellant-condemnor with appellee Schmehr (relating to other property than now being condemned). A corollary question arises as to whether appellee Goehring should have been precluded from participation in the condemnation proceeds; this point involves the assertion that the deed to Goehring was champertous.

The property immediately involved is Lot 9 in Block U of North Parkland Addition in Henderson. Appellee Schmehr acquired record title to Lots 6, 7 and 8 by deed dated April 1, 1944; the deed was duly lodged for record, and appellee Schmehr entered upon possession of the lots forthwith. There was a structure, partly located on Lot 8, at the time Schmehr acquired the title. He substantially remodeled and improved the structure so as to change it to a dwelling, in which he lived. At or near the same time he took record title to the three lots just mentioned, Schmehr took possession (but not record title) to Lots 9 and 10 of the same subdivision. Lot 9 adjoined Lot 8. The major portion of the structure referred to was situated upon Lot 9, although a triangular part of it (estimated to constitute 10–15% of the entire building) was on Lot 8. Schmehr said that he obtained a "Bill of Sale" for Lot 9—not a deed. Whatever he received was not put to record. It appears that the "bill of sale" was from a stranger to the record title anyway. Schmehr's possession of Lots 9 and 10 was punctuated by the enclosure of the lots by fence.

In 1947 appellee Goehring acquired title to Lot 9. He did not record his deed until 1956. Appellee Goehring said that he supposed he was buying a vacant lot when he acquired Lot 9, and that he did not know that the building occupied by Schmehr was chiefly situated on Lot 9. In fact, Goehring did not gain such knowledge until negotiations were begun to obtain the right of way presently involved.

The appellant Department negotiated with appellee Schmehr for Lots 6, 7 and 8. One of its appraisers offered $24,497.10 to Schmehr, but the offer was declined. The appraiser said that he had considered the entire value of the residence (although he knew that most of it was on Lot 9) when he made the offer. In fact, he testified that he had furnished an appraisal "breakdown" to Schmehr, in which the item for the residence was listed at $3,850. Schmehr denied receiving such "break-down."

At any rate, the compromise efforts collapsed. Thereupon the Department instituted condemnation proceedings in the Henderson County Court, seeking to acquire all of Lots 6, 7 and 8. Before that action came to trial there was a settlement agreement between the litigants, by the terms of which the Department paid Schmehr $24,497.10 (exactly the amount of the prelitigation appraisal) in return for which Schmehr executed and delivered a deed conveying Lots 6, 7 and 8 to the Department.

The deed to the Department recited a consideration of $24,497.10. After the recitation of the consideration, the granting clause and the description, etc., the following words and figures appear in the deed:

> "Of the consideration mentioned above, $24,497.10 is for the value of the property conveyed by this deed, and the balance thereof is for all other damages to the remainder of the grantors' property."

The Department argues that this language clearly imports that the Department was buying something else—or at least that it was paying Schmehr for all damages to "the remainder" of his property. Then, it is reasoned that this must be held to mean the damages to the "remainder" of the house over on Lot 9.

In this the Department is, we believe, in error. In the first place, fairly read, the deed shows that $24,497.10 was *all* of the consideration, so that there was no "balance thereof" to apply toward compensating "for all other damages to the remainder of the grantors' property." (Though it is not particularly pertinent here, it is common knowledge that the impact of capital gains taxes may be different as between resultant damages and the price paid for the land taken; hence, the quoted sentence, "rubber-stamped" into the Department-prepared deed, probably appears as a routine procedure, even though meaningless in this particular transaction.)

We argee that KRS 371.030 permits by pleading the impeachment or denial of the consideration of any writing. It is also conceded that the true consideration of any instrument may be shown by parol, even without a charge of fraud or mistake. Deatley v. Phillips, 311 Ky. 698, 225 S.W.2d 296. The difficulty is that there is no showing by the Department that the consideration for the deed from Schmehr was in anywise different from that recited in the instrument. The Department's appraiser certainly had included the entire house in his appraisement figure, and if Schmehr had accepted that offer and made the deed, a different question would appear. But he rejected the offer—then a condemnation suit was instituted wherein the Department invoked its eminent domain power to acquire Lots 6, 7 and 8—and no more. That condemnation suit was settled "out of court," but no witness for the Department stated in this record that the settlement was intended to include the portion of the house on Lot 9. We cannot escape the conclusion that the Department *thought* it was acquiring Schmehr's interest in the building, but it woefully failed to say so in the deed or in the testimony offered in this case. Under these circumstances there was no jury issue as to whether the $24,497.10 was intended to include that portion of the dwelling situated on Lot 9.

The Department insists that even if the parol evidence rule inhibits a showing that the entire residence was included in the deed from Schmehr, there is such an ambiguity in the deed as will permit parol evidence to show payment for the residence and to describe what was conveyed. We doubt that the deed does contain such an ambiguity; but even if so construed, the short answer to that argument is found in the fact that there was no evidence that the deed was intended to include anything other than Lots 6, 7 and 8.

We do not find it necessary to determine whether the deed to Goehring was champertous by reason of Schmehr's open adverse possession of Lot 9 when Goehring received the deed. For the purposes of this condemnation proceeding the Department very properly included Goehring and his wife, along with Schmehr, as condemnees, so that the entire title could be acquired. It is shown that as between Goehring and Schmehr an agreement has been reached as to the distribution of the proceeds of the condemnation award. The Department's concern is that it acquire all of the title for one—and only one—payment of the award; it is of no moment to the Department as to how Schmehr and Goehring divide the award.

We have examined the related arguments presented by appellant, but conclude that all of them fall when it is determined that Schmehr did not convey any of the residence on Lot 9 by the terms of his deed for the other lots.

The judgment is affirmed.

PALMORE, J., not sitting.