**McCREARY COUNTY BOARD OF EDUCA-TION et al., etc., Movants,**

v.

**Lowell M. STEPHENS, Respondent.**

Court of Appeals of Kentucky.

Nov. 1, 1968.

Motion to Reconsider Denied April, 1969.

William L. Rose, Williamsburg, G. W. Hatfield, Jr., Whitley City, for appellants.

J. B. Johnson, Jr., Williamsburg, for appellee.

STEINFELD, Judge.

Lowell M. Stephens had been a teacher in the public school system of McCreary County, had a continuing service contract and had been principal for several years. In the school year 1965–1966 he was employed and his salary was fixed at $6,604.00 for that year. On May 13, 1966, the Board of Education notified Stephens that his employment as principal would terminate at the end of the school term and that when classes resumed he would be reassigned as a teacher. The notice made no mention of a change in salary. He claims that the Superintendent of Schools, William O. Gilreath, one of the movants, told him that his salary would not be changed but the Superintendent denied making such statement.

Stephens began his new teaching assignment on August 26, 1966. On September 27, 1966, he was notified by letter that his salary had been reduced from $6,604.00 for the school year to $5,600.00. He taught throughout the year and received the reduced salary, but on July 7, 1967, he brought suit against the McCreary County Board of Education, the individual members thereof and the County Superintendent of Schools demanding judgment for $1,004.00 against all the defendants. The amount of the claim was the difference between the salary he had received as principal and that which he had been paid as a teacher. Issues were drawn and testimony heard. The trial court made findings of fact and conclusions of law, CR 52.01, in which it said: "that the plaintiff is entitled to recover of the defendant the sum of $1,004.00 with interest and cost." However, judgment was entered on the 8th day of July, 1968, jointly and severally against all defendants except the McCreary County Board of Education. There has been no adjudication with respect to the claim asserted against the Board.

On August 5, 1968, the Board members together with the McCreary County Board of Education filed in the circuit court a notice of appeal (CR 73.03) and executed a supersedeas bond. CR 73.04. That day they gave notice of supersedeas to Stephens and simultaneously filed designation of record on appeal pursuant to CR 75.01. They served that designation by depositing it in the mail on the 5th day of August, 1968.

On August 30, 1968, the same group filed in this court a motion for an appeal from the judgment entered in the circuit court and attached to that motion a certified copy of the judgment and the transcript of the entire record. CR 73.02 (3), RCA 1.180. Stephens did not move for an appeal even though the trial court failed to grant him a judgment against the Board of Education.

Stephens through counsel on September 9, 1968, moved to strike from the record the pleadings, exhibits and transcript of evidence on the claim that they were not required by RCA 1.180 (d) and that they were filed in violation of CR 75.05. He also moved "to dismiss the appeal because the motion was filed in this court *before* notice was served as required by RCA 1.180 (h)." Another contention is that the "designation of contents of record" fails to refer to the findings of fact and conclusions of law which is required by RCA 1.180 (d). He alleges a violation of RCA 1.180 (c) 5 which requires a concise statement of the material facts, the questions of law involved, and the specific reason why the judgment should be reversed.

We cannot consider any of these contentions. CR 54.01 says that " * * * A final or appealable judgment is a final order adjudicating all the rights of *all* the parties in an action or proceeding, or a judgment made final under Rule 54.02 * * *". (italics mine). Since the judgment did not adjudicate the claim between Stephens and the McCreary County Board of Education and was not made final under CR 54.02 it was interlocutory. Evans Elkhorn

Coal Co. v. Ousley, Ky., 388 S.W.2d 131 (1965); Campbell v. Hulett, Ky., 243 S.W. 2d 608 (1951) and 7 Kentucky Practice, Clay 127–128. The motion to grant an appeal is premature. Whitaker v. Fields, Ky., 377 S.W.2d 67 (1964) and Burroughs v. Oven Bake Supply Co., Ky., 434 S.W.2d 32 (decided November 1, 1968).

The appeal is denied.

All concur.