## BELL v. PERRY & TOWNSEND

1. **Execution:** POWER TO SET OFF JUDGMENTS. The sheriff has the power to set off executions in his hands only when the parties to the judgments upon which they are issued are in both cases the same, and when the judgments are actually the property of the parties thereto.

2. **Judgment:** JOINT WRONG-DOERS: SATISFACTION. Where separate actions have been commenced against two joint wrong-doers, one of which has been prosecuted to judgment, a dismissal of the pending action upon payment of a sum intended to be in settlement of costs and an acknowledgment of satisfaction does not operate to satisfy the judgment, either wholly or *pro tanto*.

*Appeal from Monroe District Court.*

FRIDAY, JUNE 9.

THOMAS WATSON brought a joint action against the plaintiff and William Cummings, for malicious prosecution and false

imprisonment in the District Court. The action, as to Cummings, was transferred to the Circuit Court, and there was a trial as to plaintiff, which resulted in a verdict and judgment for twenty dollars and costs against him, on the 21st day of April, 1873. On the 30th of that month, Watson assigned in writing, on the judgment docket, the said judgment to the defendants. The plaintiff appealed to this court, and such judgment was reversed only as to the costs, leaving the judgment as to the twenty dollars in full force.

On the 20th day of October, 1873, an execution was issued, which was in the hands of the sheriff on the 20th day of December, when he received an execution, issued by the clerk of the Supreme Court, for costs in favor of plaintiff and against Watson. The clerk of the District Court failed to indorse, on the execution issued by him in favor of Watson, that the judgment had been assigned to the defendants, and the sheriff, at plaintiff's request, set off one execution against the other, and returned the one against the plaintiff, satisfied.

Before and at the time the executions were thus set off, the plaintiff had actual knowledge, derived from an examination of the judgment docket, that the judgment against him had been assigned to the defendants. Previous to the execution being returned by the sheriff, the clerk recalled it, and afterward issued another, containing an indorsement that the judgment had been assigned to defendants, and this being returned unsatisfied, still another was issued, whereupon the plaintiff brought this action to enjoin proceedings under the execution, and also asking that the judgment be decreed paid and satisfied.

The District Court dismissed the petition, and plaintiff appeals.

*W. A. Nichol*, for appellant.

When there are joint wrong-doers, a discharge of any one is a full satisfaction for the injury and a release of all the parties. (*Turner v. Hitchcock*, 20 Iowa, 310; 1 Pars. on Con., 28; *Allen v. Wheatley*, 3 Blackf., 332.) No court has the right to disallow the set-off of judgments between the

same parties, but it is a legal right which must not be denied. (*Hurst v. Sheets*, 21 Iowa, 505.) The law will not compel the innocent to make a second payment of a claim, for the benefit of the party whose negligence caused the mistake. (*Burtis v. Cook & Sargent*, 16 Iowa, 194.)

*Perry & Townsend, pro se.*

Where there is not a settlement of the cause of action, but merely an agreement that, upon payment by one of the defendants of a specified sum, the plaintiff will not prosecute him further, it will only reduce the damages *pro tanto* and not be a defense to a recovery by the other defendants. (Waterman on Trespass, § 67; *Spencer v. Williams*, 2 Vt., 211; *Snow v. Chandler*, 10 N. H., 92.) The release of one of two or more persons who are jointly bound is not a discharge of all if, from the whole instrument, it cannot be inferred that it was so intended. (*Bonney v. Bonney*, 29 Iowa, 448; *Anderson v. Turnpike Co.*, 16 Johns., 87; *Clark v. Dinsmore*, 5 N. H., 136.) The interest in a judgment may be assigned before it is recovered. (*Charles v. Harkins*, 11 Iowa, 320.) The assignee is the real party in interest. (*Byington v. Crosthwait*, 1 Iowa, 143.)

SEEVERS, CH. J.—I.   The power and authority of the sheriff to set off executions is entirely statutory, and depends on the question whether or not the judgments are mutual. Code, Sec. 3097. The plaintiff in one must be defendant in the other. Not only so, but the mutuality must exist in another respect. The judgments must, in fact, belong to, and be the property of, the respective parties thereto. This is the very essence of mutuality. It must not only exist in form but in substance. The execution in this case, in form, was sufficient to authorize the set off, but the judgment on which it issued belonged to, and was the property of, the defendants, which fact both the plaintiff and the sheriff at the time the set off was made well knew. There existed, therefore, no authority to make the set off. The act of the clerk, in failing to properly in-

*(margin note:* 1. EXECUTION: power to set off judgments.*)*

dorse the execution, cannot prejudice the defendants, besides which, the only office or object of such indorsement was to notify the sheriff and parties that the judgment had been assigned to the defendants. If they knew this fact otherwise, then clearly there was no necessity for any indorsement. It is proper to remark it is not claimed or insisted that, as there was a satisfaction in fact, the defendants should have had it set aside before causing the execution in question to issue.

II. On September 3d, 1873, Watson gave Cummings the following receipt: "Received of William Cummings, in full of all damages for false imprisonment and malicious prosecution, the sum of eight dollars and twenty-five cents, which claims are made by me pending in the Circuit Court of Monroe county, Iowa, in the suit of Thomas Watson v. William Cummings." There was no intention to settle or adjust the judgment against the plaintiff, and it satisfactorily appears from the evidence that the money paid Watson by Cummings was intended to cover a part of the costs only, and neither of the parties supposed the transaction between Watson and Cummings amounted to a satisfaction of, or even a payment of so much on the judgment of Watson against plaintiff. There is no evidence tending to show that the plaintiff had any knowledge of the transaction between Watson and Cummings until the commencement of this action. At the time of said transaction the plaintiff had no knowledge of the assignment of the judgment to the defendants, and the testimony fails to show whether Cummings had such knowledge or not. Under these circumstances it is claimed and insisted that the transaction between Watson and Cummings, by operation of law, amounts to a satisfaction of the judgment in favor of Watson and against the plaintiff. Leaving out of view the assignment of the judgment to the defendants, the precise point raised and to be determined is, whether, after judgment has been obtained against one joint wrong-doer, and an action is still pending against another of such wrong-doers, a settlement with, or release given the latter, in consideration of the payment of costs merely, and with no intention to satisfy the

*2. JUDGMENT: joint wrong-doers: satisfaction.*

judgment, amounts to a satisfaction of, or payment *pro tanto* on the judgment against the former. The point is by no means clear and free from difficulty. Counsel have not called our attention to any adjudicated case, nor have our own researches enabled us to find any case, in which the precise point involved has been determined.

We may concede the rule to be established, whether correctly or not we do not stop to inquire, that satisfaction made by one joint wrong-doer pending an action against both, either jointly or separately, amounts to a satisfaction as to all. *Ellis v. Betzer*, 2 Ohio, 89; *Ayer v. Ashmead*, 31 Conn., 449; *Turner v. Hitchcock*, 20 Iowa, 310, and the two first cases cited are authority for the position that such is the case whether the parties intend so or not. Other authorities hold that if the amount received is understood to be only in part satisfaction, it will not operate to satisfy the whole demand, but any one sued may avail himself *pro tanto* of the benefit of such partial payment. *Snow v. Chandler*, 10 N. H., 92. It is also held by other authorities that a release of one will not have the effect of releasing all, if, looking at the whole instrument, the relations of and circumstances of the parties, it cannot reasonably be supposed to have been so intended. It will rather be construed as a mere agreement not to charge the person or party to whom the release is given. *Bonney v. Bonney*, 29 Iowa, 448. It is true this case was in relation to a joint liability arising on contract, but this can make no difference, for the foundation of the rule rests in both cases on the joint liability, and the effect of the release in both is the same.

We may also concede the rule to prevail where there are two separate judgments against two joint wrong-doers, the plaintiff can have but one satisfaction, but he may take his choice, and the satisfaction of one judgment does not discharge or amount to a satisfaction of the costs in the other. 2 Hilliard on Torts, 329.

When Watson recovered the judgment against plaintiff, the tort became merged in the judgment. The action being still pending against Cummings, we are unable to see why, under

the rule laid down in Hilliard, Watson was not entitled to settle and adjust the action against Cummings on payment of costs, without thereby in any degree affecting the judgment against plaintiff. If the action against Cummings had been tried and judgment rendered in favor of Watson for costs, it would seem he could have received from Cummings such costs without in any degree affecting the judgment against the plaintiff, and no reason is perceived why this may not be done before the trial as well as after.

There was no doubt or uncertainty as to the amount plaintiff was bound to pay. It was settled and fixed. This was known both to Cummings and Watson. They intended to settle and adjust their own matter, and with no intention of affecting the judgment. Why should they not be permitted to do so, or why should an effect be given to such transaction not contemplated by them, by operation of law. We are not disposed to run counter to adjudicated cases, nor are we disposed to extend the rule beyond them, and, as we have said, we have not found any case in which the facts are like those in this case, to which the rule contended for has been applied. As applied to the facts existing here, neither justice, reason or sense can be urged in favor of its application.

AFFIRMED.