GALLAHER v. PENDLETON ET AL.

1. **Judgments:** WHEN MUTUAL: ASSIGNMENT. The assignment to a third person of one of two mutual judgments existing between parties destroys their mutuality and takes them out of the provisions of section 3097 of the Code.

*Appeal from Woodbury Circuit Court*

SATURDAY, DECEMBER 11.

SUBMISSION without action, upon agreed facts. The plaintiff obtained a judgment against one Robinson, and afterward Robinson obtained a judgment against the plaintiff. Robin-

son, for a valuable consideration, assigned his judgment to the defendants, who had no notice of the plaintiff's judgment against Robinson. An execution was issued upon each judgment and put into the hands of the sheriff. The plaintiff claims the right to have the one judgment set off against the other. The defendants deny this right. Judgment was rendered for defendants. Plaintiff appeals.

*E. H. Hubbard*, for appellant.

*Isaac Pendleton*, for appellees.

ADAMS, CH. J.—Mutual judgments, the executions on which are in the hands of the same officer, may be set off the one against the other. Code, section 3097. These judgments were originally mutual, and are so now unless they ceased to be mutual by reason of the assignment of Robinson's judgment to the defendants. The question presented arose in *Bell v. Perry et al.*, 43 Iowa, 368. It was there held, in substance, that the assignment of one of the judgments destroyed the mutuality and took the judgments out of the provision of the Code above cited.

1. JUDG-MENTS: when mutual: assignment.

Whether, in case the defendants had brought an action upon the judgment assigned to them by Robinson, this plaintiff could have set up his judgment against Robinson by way of counter-claim is a different question, and is not, we think, presented in this record.

In our opinion the judgment of the Circuit Court must be

AFFIRMED