THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. CHARLES HABER *et al.*

No. 10871.

TORT-FEASORS—*Joint Judgment—Discharge.* A cause of action against two or more defendants, founded on a tort, when reduced to judgment, becomes as to all of the parties against whom judgment has been obtained a joint indebtedeess, which may be compromised and discharged as to one of them, under chapter 75 of the General Statutes of 1889, without releasing the others from liability for the unpaid balance of the judgment.

*Error from Lyon District Court.*

THE nature of the action and the material facts are stated in the opinion herein, filed April 11, 1896.

*T. N. Sedgwick,* and *L. B. Kellogg,* for plaintiff in error.

*J. Jay Buck, E. W. Cunningham,* and *Madden Bros.,* for defendants in error.

*Eugene Hagan,* and *Madden Bros.,* for defendants in error Farrington and Lantry.

The opinion of the court was delivered by

ALLEN, J.: This was an action brought by the Missouri, Kansas & Texas Railway Company against Charles Haber and others to perpetually enjoin the

collection of the judgment rendered by the district court of Lyon county in the action in which Haber was plaintiff and the railway company and others were defendants, which this court has just affirmed. It was and is claimed that, before judgment was rendered against the railway company, a settlement was made between Hosier Bros. and Brogan & Sons on the one part, and the plaintiff and cross-petitioning defendants on the other; that satisfaction was made by Hosier Bros. for all the damages for which they, Brogan & Sons, or the railway company were liable, and that the action being founded on a tort, settlement and satisfaction as to one also satisfies the claims as to all. The claim that a full settlement and satisfaction in accordance therewith of these claims was made before judgment was rendered against the railway company or before judgment was obtained against Hosier Bros. is not sustained by the evidence or the finding of the court. There were negotiations between the parties with reference to a settlement, but it does not appear that a full agreement was reached between the attorneys representing the claimants and Hosier Bros. until the judgment against them was finally entered, and even then there is evidence that as to some of the claimants the attorneys acted without express authority from their clients. It is certain that there was no payment made by Hosier Bros. until after judgment had been entered against them. The judgment against the railway company was rendered in December, 1893; that against Hosier Bros. at the May term, 1894. On the trial of the action as against the railway company, it was contended that a settlement had been effected, but the finding was against it. The case of *Westbrook v. Mize*, 35 Kan. 299, is cited, to the effect that where

several persons commit an injury there can be but one satisfaction, and the acceptance of payment in full from one operates as a bar to all proceedings against the others. With the rule declared in that case we are entirely satisfied, but this case does not fall within it. On the other hand, the case of *Meixell v. Kirkpatrick*, 29 Kan. 679, is in point and decisive of the case. It was there held :

" Where an action sounding in tort against two parties is carried on to a judgment against both, each defendant becomes thereafter a joint debtor, within the scope of chapter 75, Compiled Laws of 1879, and the plaintiff may compromise and release his judgment against either without fully satisfying and discharging his claim against the other."

The statute then under consideration is still in force, and authorized a compromise and discharge of Hosier Bros. from liability after judgment had been rendered both against them and the railway company ; and the fact that there were prior negotiations leading up to this arrangement does not impair its validity nor alter its effect. The railway company cannot claim that it is injured by this arrangement. On the contrary, the judgment against it is satisfied *pro tanto*, and must be credited with the third of all the claims paid by Hosier Bros.

The judgment is affirmed.

All the Justices concurring.