LINDBLOM et al. v. FALLETT.

(Circuit Court of Appeals, Ninth Circuit. May 14, 1906.)

No. 1,194.

1. EVIDENCE—WRITTEN CONTRACT—CONTRADICTION BY PAROL.

Defendants, who were the owners of four mining claims on Anvil creek, known as "Discovery," "No. 1 Above," "No. 6 Above," and "No. 1 Below," employed plaintiff to develop the "Anvil Creek Property," belonging to defendants; the contract reciting that plaintiff should receive as compensation 7 per cent. of the net output of two claims "No. 6 Above" and "Discovery," and that the agreement should continue until "said claims" were worked out. *Held*, that such contract was ambiguous as to whether it included all four claims or only the two referred to, and hence the admission of parol evidence to show that the "Anvil Creek Property" contemplated was the two specified claims, and that a subsequent oral agreement was made as to the other property, was properly allowed.

2. TRIAL—INSTRUCTIONS—ASSUMPTION OF FACTS.

In an action for breach of an alleged oral contract to develop certain mining claims after the termination of a written contract, an instruction that plaintiff claimed damages for breach "of an alleged oral contract" entered into, according to the complaint on or about June 15, 1899, and according to the evidence at a later date, was not objectionable as assuming that the oral contract was in fact made.

3. SAME—EXCEPTIONS—SCOPE.

Where an instruction is excepted to as a whole, the exception will not be sustained, if a portion of the instruction is correct.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 694.]

4. CONTRACTS—BREACH—ACTION—INSTRUCTION.

Where, in an action for breach of an alleged oral contract for the development of certain mines, defendants relied wholly on a written contract as covering the work in question and a written release of liability on such written contract, and the court elsewhere charged that the affirmative of the issues was on the plaintiff to prove the material allegations of his complaint and reply, and was on the defendants to establish the matters alleged in their affirmative defense, an instruction that the burden was on plaintiff to show that the written contract did not include the work sued for, and that the burden was on him to establish the oral contracts, but that the burden was on the defendants to show that the written contract was the only contract made between the

parties, and that the release was executed as, and was in fact, a release of all claims under such contract, was not erroneous.

In Error to the District Court of the United States for the Second Division of the District of Alaska.

The plaintiffs in error were copartners engaged in mining in the Nome Mining District of Alaska and owned four claims on Anvil creek known as "Discovery," "No. 1 Above," "No. 6 Above," and "No. 1 Below." On May 2, 1899, they entered into a contract in writing with the defendant in error as follows: "Know all men by these presents: That we, Erik O. Lindblom, John Brynteson and Jafet Lindeberg, parties of the first part, and Julius Fallett, party of the second part, do hereby agree that said party of the second part, shall give his undivided attention and labor to the parties of the first part in the development of their Anvil Creek property and as remuneration to said party of the second part, said parties of the first part de hereby agree that they will give said party of the second part seven (7) per centum of the net output of claims No. 6 Above and Discovery Claim on Anvil creek. This agreement shall hold good until said claims are worked out and if sold prior to that time the same per centum of the selling price is to be paid to said party of the second part. Entered into this second day of May, one thousand eight hundred and ninety-nine, at Anvil City, Alaska." On July 20, 1899, the defendant in error executed to the plaintiffs in error the following release: "Anvil City, Alaska, July 20th, 1899. Know all men by these presents: That I, Julius Fallett, of Anvil City, Alaska, for the consideration of the sum of twelve hundred ($1,200.00) dollars paid by the Cape Nome Pioneer Mining Company, do hereby release the said Cape Nome Mining Company from the terms and consideration of a certain contract made by said company to myself by which I was to receive seven (7) per cent. of the net proceeds from Discovery Claim and No. 6 Above on Anvil creek, reference is hereby made to said contract which is recorded in the office of the mining recorder for the Cape Nome Mining District, Alaska, and this is intended as a receipt in full for all money due me from said company up to date." The defendant in error, on October 5, 1903, brought the present action alleging that on or about June 15, 1899, the plaintiffs in error entered into a verbal contract with him whereby he was to take charge of and prospect upon and develop said Claim No. 1 below Discovery during the year 1899, for which he was to receive 7 per centum of the net amount of gold and gold dust extracted from said claim during that year, and that the plaintiffs in error had refused to permit him to carry out said contract to his damage in the sum of $7,000. The plaintiffs in error answered denying said verbal contract and alleged that by the terms of the aforesaid written contract the defendant in error was to do development work on their four claims on Anvil creek, and that the written release was an acquittal of all claim and demand on account of work done on all of said claims. On the trial of the cause the defendant in error introduced testimony to show that the work which was to be done under the written contract was to be confined to the two claims specified therein, and that on or about the third or fourth of July, Lindblom, one of the plaintiffs in error, engaged him to do development work on Claim No. 1 Below, for which he was to receive the same percentage as was given for work on Claim No. 6 Above and Discovery.

J. C. Campbell, W. H. Metson, and Thomas H. Breeze, for plaintiffs in error.

W. Lair Hill, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

That the verbal contract as to Claim No. 1 Below was made is well sustained by the testimony, not only of the defendant in error, but by that of other witnesses, and in fact it is not denied by any of the plaintiffs in error. Lindblom and Lindeberg both testified, not that no such contract was made, but that they did not remember it, and the other plaintiff in error was not called as a witness. The testimony shows, moreover, that, after the execution of the release, Lindblom and Lindeberg acknowledged their liability to the defendant in error on the contract for work on No. 1 Below and at different dates thereafter promised to settle with him, and that it was not until three years thereafter that Lindblom denied liability to the defendant in error, which he did by saying that he had been advised not to settle with him. The work of developing claims was a work in which the defendant in error was evidently skilled. It is not denied that on the day on which his alleged oral agreement was made he went to Claim No. 1 Below with seven or eight men, opened it up, and soon thereafter discovered a rich pay streak. This discovery caused trouble between him and the plaintiffs in error. The latter objected to his devoting his time to Claim No. 1 Below, and desired him to work on No. 6 Above and Discovery. Their differences led to the execution of the release. Immediately after the execution of that instrument, the defendant in error, according to his testimony, and his testimony is corroborated, proceeded to work on Claim No. 1 Below in pursuance of his oral contract, but the plaintiffs in error refused to permit him to work there.

It is contended that the trial court erred in admitting evidence of the verbal contract and in refusing to instruct the jury to return a verdict for the plaintiffs in error. It is argued that the written contract by its terms included work by the defendant in error on all four of the claims, and that to admit parol evidence of the verbal contract was to contradict the written contract and was error. We do not think so. In the first place the written contract is not free from ambiguity. It is true that it provided that the defendant in error should give his undivided attention and labor in the development of the "Anvil Creek property" of the plaintiffs in error, but it goes on to specify that he was to receive as compensation 7 per centum of the net output of two claims, No. 6 Above and Discovery, and it provides that the agreement shall hold until "said claims" are worked out. It does not necessarily follow from the terms of this contract, as we read it, that the work was to be done on four claims, and we think it was not error to admit evidence to show that the Anvil Creek property contemplated in the agreement was the two specified claims which are named therein. Again, this construction of the agreement is borne out by the contemporaneous acts of the parties. Their understanding of the agreement is shown by testimony, which leaves no doubt that two months after the execution of the written agreement the oral agreement was entered into in regard to work on Claim No. 1 Below. To admit such parol testimony was not to vary the terms of the written contract, but was to explain its ambiguity and to show what prop-

·erty was meant in the designation in the written agreement of the Anvil Creek property.

It is contended that the court erred in charging the jury as follows:

"The plaintiff claims damages for breach of an alleged oral contract entered into, according to the complaint, on or about June 15, 1899, and according to the evidence at a later date."

It is objected to this instruction that it assumes that the oral contract was in fact entered into. But the court was careful to designate the contract as an "alleged oral contract," and the reference to the evidence was not for the purpose of saying that the contract was established by the evidence, but for the purpose of directing the attention of the jury to the fact that the contract, as testified to by the parties, was not shown to have been made on the 15th of June, as alleged in the complaint, but at a later date.

Error is assigned to the following instruction:

"It is incumbent upon the plaintiff, therefore, in this case, to show that the oral contract in regard to No. 1 Below was made as alleged in his complaint and the breach thereof by the defendants, and that this contract was separate from and independent of the written contract in regard to No. 6 and Discovery Claims, and that at the time the written contract was made, it was made with reference only to Discovery and No. 6. On the other hand, in order to defeat this claim of the plaintiff, the defendants must show that the written contract was the only contract made between the parties, and that the release was executed as and was in fact a release of all claims under that contract."

This instruction was excepted to as a whole. There can be no question that the first portion of it was proper, and that the exception therefore to the whole of it was not well taken. Nor are we convinced that the latter portion of the instruction was erroneous. The plaintiffs in error, in their defense to the action, relied wholly upon the written contract and the written release. What the court said to the jury by the instruction was, in substance, that the burden was upon the plaintiff to show that the written agreement did not include work on Claim No. 1 Below, and that the burden was on him to establish the oral contract. And the court charged the jury that, notwithstanding such proof of the verbal contract, and there was no contradiction of the evidence offered to sustain it, in order to defeat the claim of the plaintiff so supported by the evidence, the defendants must show that the written contract was the only one. Elsewhere in the charge the court properly instructed the jury as to the burden of proof, as follows:

"You are instructed that in this case the affirmative of the issues is upon the plaintiff to prove the material allegations of his complaint and reply. On the other hand, the affirmative of the issues is upon the defendants to establish the matters and things alleged in their affirmative defense."

We find no ground for reversing the judgment of the court below. The judgment is affirmed.