THOS. RYAN, Appellee, v. S. H. BECKER, Appellant.

**Joint tort-feasors:** RELEASE: AVOIDANCE OF BY PAROL EVIDENCE. While it is the established rule that the release from liability of one joint tort-feasor releases all others, still it may be shown by parol that the release was to one not in fact liable, that the money was not in fact received as compensation, and that there was no satisfaction or attempt at satisfaction.

*Appeal from Allamakee District Court.*— HON. L. E. FELLOWS, Judge.

MONDAY, APRIL 8, 1907.

REHEARING DENIED, TUESDAY, NOVEMBER 19, 1907.

SUIT in equity to cancel and set aside a judgment. From a ruling sustaining a demurrer to defendant's answer, he appeals.— *Reversed.*

*Douglass Deremore* and *William S. Hart,* for appellant.

*D. D. Murphy* and *D. J. Murphy,* for appellee.

DEEMER, J.— In January of the year 1898, defendant
recovered judgment against plaintiff for the sum of $640
and costs, amounting to something like $140.   The cause of
action was an alleged assault made by plaintiff herein, who
was a member of a charivari party upon the defendant.
The attorneys for plaintiff in that action filed a lien on said
judgment for their fees in the sum of $500.   Afterwards,
defendant herein brought action against one McGeough for
the same injury, and, when that action was brought on for
trial, plaintiff therein took judgment upon a stipulation for ·
settlement in the sum of $50 and costs.   This stipulation
provided that plaintiff in the action should have judgment
for the sum of $50 in full satisfaction and settlement of
all claims made in the petition in said cause by plaintiff
therein against the defendant, McGeough.   This judgment
was afterward paid and satisfied by the defendant therein.
The petitions in the two cases were for the same injury and
were practically in the same language.   The present action
is to cancel the judgment held by defendant against plain-
tiff on the theory that, as plaintiff and McGeough were joint
tort-feasors; the satisfaction of the judgment by McGeough
amounted to a release and satisfaction of the judgment
against the plaintiff.

     The answer demurred to set forth the following facts:
That the judgment against plaintiff was for a personal as-
sault committed by him upon defendant, and that defendant
never claimed that McGeough actually assaulted him or was
liable for any other reason than that he was a participant in
a riotous asembly; that McGeough was a witness for plain-
tiff, and testified upon the trial that he was present, and
that plaintiff did not commit the assault; that, before the
litigation began, McGeough became a nonresident of the
State, and, after suit was brought against him, plaintiff in
that action learned that the preponderance of the evidence
would show that McGeough had no connection with the as-
sault or with the riot, and was in no manner responsible for

either; that, when McGeough's case was reached for trial, McGeough was out of the State, and neither party had witnesses or was prepared to try the case, and a proposition was made on McGeough's behalf that, to save the expense of a trip to Iowa to prove his nonliability, he would consent to pay $50, and that judgment might be entered against him for that amount, which he would pay as soon as he could arrange to forward the money. It was also averred that McGeough was not liable for defendant's injury, and did not participate either in the assault or the riot, and that defendant accepted the offer of compromise believing that, if the case went to trial, he (McGeough) would be successful; that the sole consideration for the stipulation was to avoid the expense to McGeough of a trip to Iowa and an adjustment by defendant of a suit in which he was satisfied that he must fail; that neither of the parties intended the settlement as compensation for plaintiff's injury and that it was agreed to simply as a compromise of McGeough's liability, and was not intended as a release of any liability plaintiff herein was under to defendant for the injury done by him alone. It also appears that plaintiff's attorneys in the McGeough suit filed a lien upon the judgment for the full amount thereof, and, when the judgment was satisfied, these attorneys took the full amount paid thereon for their attorney's fees. It also appears that plaintiff herein had not paid the judgment for costs against him when this action was brought, nor did he offer to do so in his petition; but, after the ruling on the demurrer, plaintiff herein paid most, if not all, of the costs.

The principle is well settled, and not controverted by counsel, that a release of one of two or more joint trespassers is a release of all, and it is also agreed that a person may have but one satisfaction of an injury done him. But, in order that a release may have the effect stated, it is generally held that it must be a technical release; that is to say, an instrument under seal or some other form of satisfaction

which legally imports full payment. As a technical release was always under seal, and the consideration could not be inquired into, it was regarded as conclusive, even though given without consideration in fact. The difference between a technical release and satisfaction in fact, is simply this, that in the one case the law regards the claim as paid, and will not allow the party to deny by proof, while in the other the claim is in fact paid. *Eastman v. Grant,* 34 Vt. 387; *Bloss v. Plymale,* 3 W. Va. 393 (100 Am. Dec. 752); *Miller v. Beck,* 108 Iowa, 575. In the case now before us no technical release was given, and it may be that, under our law abolishing seals (sections 3068 and 3069) and allowing the true consideration of a contract to be inquired into, the rule as to technical releases does not apply. But we have, nevertheless, adhered to the doctrine that the release of one joint tort-feasor releases all, and that a plaintiff may have but one satisfaction of his injuries. *Turner v. Hitchcock,* 20 Iowa, 310; *Miller v. Beck, supra.* However, in these same cases we held that a release of one who is not in fact liable does not release one who is; and that there may be a complete satisfaction even by a stranger. On the face of the papers filed in the two cases, it appears that plaintiff held two separate judgments for the same injury. This he was permitted to do under our rules, and there was no satisfaction or release of either until one was paid. *Putney v. O'Brien,* 53 Iowa, 117. Upon the payment of one, however, the general rule is that the other is discharged; on the theory that one cannot have two satisfactions of the wrong done him. Presumptively, at least, the judgment against plaintiff was satisfied by reason of McGeough's payment of the judgment against him. Reduced to its last analysis the case is thus: May defendant show that the McGeough judgment was not rendered on the theory of compensation to defendant herein for the injury done him, that McGeough was not in fact liable, and that there was no intent to satisfy the claim which defendant held against some one

for the injury inflicted upon him? Upon these propositions, the authorities are in seeming conflict. Some of the cases hold that one securing judgment upon a claim for damages is estopped from denying liability upon the part of the party sued. Of this class are: *Leddy v. Barney,* 139 Mass. 394 (2 N. E. 107); *Tompkins v. Clay St. R. Co.,* 66 Cal. 163 (4 Pac. 1165); *Seither v. Traction Co.,* 125 Pa. 397 (17 Atl. 338, 4 L. R. A. 54, 11 Am. St. Rep., 905). While, on the other side, are: *Wilson v. Reed,* 3 Johns. (N. Y.) 175; *Snow v. Chandler,* 10 N. H. 92 (34 Am. Dec. 140); *Bloss v. Plymale, supra; Pogel v. Meilke,* 60 Wis. 248 (18 N. W. 927); *Owen v. Brockschmidt,* 54 Mo. 285; *Railroad Co. v. McWherter,* 59 Kan. 345 (53 Pac. 135). We have adopted the latter rule for this State. See *Turner v. Hitchcock, supra; Bell v. Perry,* 43 Iowa, 368. This rule should apply only to cases where a release is claimed without reference to the question of satisfaction in fact.

The pivotal question here is this: May parol testimony be received to show that the release was to one not in fact liable, that the money was not in fact received as compensation, and that there was in fact no satisfaction or attempt at satisfaction? These questions seem to be answered in *Bell v. Perry, supra.* There, although there was a receipt in full of all damages for false imprisonment and malicious prosecution in a suit then pending, parol evidence was received to show that the money was received in payment of costs only, and that there was no intention of affecting the other judgment. See, also, *Bonney v. Bonney,* 29 Iowa, 448; *Seymour v. Butler,* 8 Iowa, 304. This view is also sustained in *Smith v. Gayle,* 58 Ala. 600; *Louisville v. Barnes,* 117 Ky. 860 (79 S. W. 261, 64 L. R. A. 574, 111 Am. St. Rep. 273) *Ellis v. Esson,* 50 Wis. 138 (6 N. W. 518, 36 Am. Rep. 830); *Chamlerlin v. Murphy,* 41 Vt. 110; *Kentucky v. Hall,* 125 Ind. 220 (25 N. E. 219).

Moreover, the stipulation in this case upon which the judgment was rendered shows that it was in settlement of all claims made against McGeough. The judgment was

upon that stipulation, and it so recites. We think it was competent for defendant herein to show the basis of that settlement and the consideration therefor, just as was done in the *Bell-Perry* case, *supra*. If that be true, then the allegations of defendant's answer clearly show that McGeough was not liable to him, defendant; that the money was paid, not in satisfaction, or part satisfaction even, of the claim against the plaintiff, which was then liquidated by the judgment, but was obtained as stated in the answer from which we have quoted. If that be true, then there was neither a release of McGeough, for he was not liable; nor was there a satisfaction of the judgment or of the claim upon which it was based. The tendency of the courts is to break away from the old rules with reference to technical releases. The consideration for every instrument may be shown when the proof does not conflict with the express terms thereof, and it is generally held that the true terms of every agreement with strangers to the litigation may be shown. While the authorities are conflicting upon the propositions discussed, we think the weight thereof and of sound reason justifies the rules we have announced. See, as sustaining these conclusions, *El Paso Co. v. Darr* (Tex. Civ. App.), 93 S. W. 167. See, also, valuable note to *Abb v. Railroad Co.,* 58 L. R. A. 293; *Thomas v. Railroad,* 194 Pa. 511 (45 Alt. 344); *Irvine v. Millbank* (N. Y.), 15 Abb. Prac. (N. S.) 378, affirmed in 56 N. Y. 635; *City v. Babcock,* 143 Ill. 358 (32 N. E. 271); *Matthews v. Chicopee,* 3 Rob. (N. Y.) 711; *Heyer v. Carr,* 6 R. I. 45; *Missouri Co. v. Haber,* 56 Kan. 717 (44 Pac. 619); *Carey v. Bilby,* 129 Fed. 203 (63 C. C. A. 361) *Sloan v. Herrick,* 49 Vt. 327; *Sieber v. Amunson,* 78 Wis. 679 (47 N. W. 1126).

Other reasons might be given for holding that the trial court was in error in sustaining the demurrer; but, as the ones we have been considering go to the very heart of the controversy, they are deemed sufficient.

The ruling was erroneous, and the judgment must be, and it is, *reversed*.