MAYDWELL v. ROGERS LUMBER CO.

(Circuit Court of Appeals, Ninth Circuit. March 7, 1908.)

No. 1,498.

1. SALES—CONTRACT—CONSTRUCTION—CERTAINTY—"ANOTHER CARGO."
   Plaintiff, having sold to defendant a cargo of ties, by certain telegrams offered to sell defendant "another cargo" on certain terms, which offer defendant accepted. *Held*, that the contract was not objectionable for failure to fix the amount of ties to be furnished; the words "another cargo" being construed to mean another cargo of the same quantity as the former one.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 189–196.]

2. EVIDENCE—PAROL EVIDENCE—PLEADING.
   Where plaintiff sued for breach of a contract for the sale of "another cargo" of ties, plaintiff was entitled to introduce parol evidence, without further proof of the quantity of ties contained in the preceding cargo.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2083.]

In Error to the Circuit Court of the United States for the Northern Division of the Western District of Washington.

McBurney & Cummings and D. V. Halverstadt, for plaintiff in error.
Corwin S. Shank and Winfield R. Smith, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This appeal presents only the question of the sufficiency of the second amended complaint, a demurrer to which was sustained by the court below. The action was for damages for the alleged breach of a contract growing out of the five telegrams set out in the complaint, and reading as follows:

"San Francisco, Cal., Jan. 5, 1906.
"Mr. W. M. Rogers, Anacortes, Washington.
   "Will you accept another cargo ties March April shipment want five days option.                    C. A. Maydwell."

"Anacortes, Wash. Jan. 5, 1906.
"C. A. Maydwell, 519 Mission Street, San Francisco, Cal.
   "11:42 A. M.   Yes at nine dollars net.                    W. M. Rogers."

"San Francisco, Cal., Jan. 8, 1906.
"W. M. Rogers, Anacortes, Washington.
   "Offer nine dollars net thirty days will arrange with bank.
                                   "C. A. Maydwell."

"10:55 Anacortes, Washington, January 9, 1906.

"C. A. Maydwell, 519 Mission Street, San Francisco, Cal.

"Our price nine dollars net cash same terms as present order and on six by eight ties.                                                  W. M. Rogers."

"San Francisco, Cal. Jan. 9, '06.

"W. M. Rogers, Anacortes, Washington.

"Accept one cargo your price and terms. Telegram ninth.
                                                  "C. A. Maydwell."

These telegrams and the third and fourth paragraphs of the complaint present the whole case. Those paragraphs are as follows:

"That on or about the 9th day of January, A. D. 1906, the plaintiff and the defendant, by its duly authorized agent, W. M. Rogers, entered into a written agreement whereby the plaintiff agreed to purchase of the defendant and the defendant agreed to sell to the plaintiff and to deliver to him, during the months of March and April, 1906, at Anacortes, Washington, one ship's cargo of railroad ties for the agreed price of nine (9) dollars per thousand feet; a copy of which said written agreement, consisting of copies of certain telegrams marked 'Plaintiff's Exhibits A, B, C, D, and E,' is hereto attached and filed herewith.

"That it was mutually understood and agreed, by and between the parties to said written agreement, that the said cargo should contain one million (1,-000.000) feet of timber board measure. That the total agreed purchase price was nine thousand (9,000) dollars for said cargo."

The objection made to the pleading is that the telegrams do not constitute a valid contract, in that they do not fix the amount of ties to be furnished. We think the contention unsound. The telegrams show that the plaintiff had already ordered of the defendant one cargo of ties, and that an order was then given by the plaintiff and accepted by the defendant for "another cargo" at $9 net cash, the same terms as the previous order, and on 6x8 ties. The true meaning of "another cargo" in these telegrams is, in our opinion, another cargo of the same quantity. Without any other or further allegation in respect to the contract, we therefore think the plaintiff would be entitled to clear the ambiguity by making oral proof of the quantity of ties contained in the preceding cargo. Lindblom v. Fallett, 145 Fed. 805, 76 C. C. A. 369; North American Transportation & Trading Co. v. Samuels, 146 Fed. 55, 76 C. C. A. 506. See, also, Bibb v. Allen, 149 U. S. 481, 13 Sup. Ct. 950. 37 L. Ed. 819; Iowa Life Insurance Co. v. Lewis, 187 U. S. 335, 23 Sup. Ct. 126, 47 L. Ed. 204.

The judgment is reversed, and the cause remanded, with directions to the court below to overrule the demurrer, with leave to the defendant to answer.