**ROTBERG et al. v. DODWELL & CO., Limited.**

**No. 61.**

Circuit Court of Appeals, Second Circuit.
Nov. 27, 1945.

Isidore Begun, of New York City (Begun Bros., of New York City, on the brief), for plaintiffs-appellants.

Frederic R. Sanborn, of New York City (Putney, Twombly, Hall & Skidmore and Albert G. Christmas, all of New York City, on the brief), for defendant-appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This is an action to recover refunds or rebates of import duties which the defendant importer received from the United States after a determination by the Customs Court that dogskins of the type purchased by plaintiffs from defendant were free from duties under the Tariff Act of 1930. Plaintiffs had been buying skins from defendant for some time, but all of the rebates here claimed arose in connection with six purchases made between October 30, 1930, and August 30, 1932. Five of the purchases were made pursuant to written contracts, each executed on defendant's printed form; and plaintiffs base their claim on a printed clause appearing on the back to the effect that any change in the rate or form of import duty is "for Buyers' Account." They then assert that such a provision must be implied in law as to the sixth or oral contract. Defendant, denying any such implication, relies on typewritten statements on the face of the form contracts which, as to three of the purchases, say that the duty is "for seller's account," and, as to two, that it is "included in sale price." The District Court did not, however, pass upon this issue or upon certain other defenses asserted by defendant, since it gave summary judgment to defendant solely on the ground that plaintiffs' claims were barred by a general release executed by them in March, 1937. This appeal is taken by plaintiffs from that judgment.

■ Plaintiffs particularly urge that no right of action accrued to them until 1941 when defendant actually received the rebates, and that therefore the present claims, being contingent at the time of the release, could not have been covered by it. Assuming that the claims were contingent, as plaintiffs assert, it does not follow that the release is ineffective here. For although a general release usually includes only claims in existence at the time it is executed, it may bar contingent and future claims when the intent of the parties to that effect is clear. Nahtel Corporation v. West Virginia Pulp & Paper Co., 2 Cir., 141 F.2d 1; Altman v. Curtiss-Wright Corporation, 2 Cir., 124 F.2d 177. The general release here executed was in the usual broad terms, reciting the receipt by plaintiffs of $2,066.11 and releasing defendant from "all manner" of "actions," "variances," "extents," and "demands" (with some twenty other variant expressions) by reason of "any matter, cause or thing whatsoever from the beginning of the world" (cf. Frank, J., in In re Monza Mills, 2 Cir., 146 F.2d 161) to the day of "the date of these presents." And while the instrument itself makes no mention of any specific claims, the circumstances surrounding its execution point to an intent of the parties to preclude demands of the sort now made.

In September, 1934, defendant, having received rebates on duties improperly collected under the 1922 Tariff Act and after, as it claims, protesting liability for any refund, paid plaintiffs $8,407.46 by a check which it endorsed, "In full settlement of all rebates of duty due by us to you on dogskins." The accompanying letter also stated, "This is in full settlement of all rebates due by us to you." A year later, plaintiffs, being dissatisfied with the amount thus received, sued defendant for an additional rebate. This suit was settled by the additional payment noted in the release and upon execution of the release. This background supports defendant's contention that the release was required as its final attempt to protect itself against future claims. In view of the existing disputes between dogskin importers and the government as to the applicability of the 1930 act, 19 U.S.C.A. § 1001 et seq., there is no doubt of plaintiffs' awareness at the time of signing the release that defendant might obtain future rebates. Indeed, it appears from defendant's statement below, not challenged in the record, that plaintiffs were litigating this very question and had at that time a judgment in their favor which was affirmed very shortly thereafter.

■■ Finally, the intent is made clear by the affidavit of defendant's attorney which, after reciting this background, states that he explicitly told plaintiffs' attorney that he would require a general release so as to terminate all possible claims by plaintiffs in the future, as well as in the present. Plaintiffs insist that this statement cannot be considered under the parol evidence rule. But that rule does not exclude evidence to interpret, explain, or clarify (rather than contradict) the written document. Thorington v. Smith, 75 U.S. 1, 19 L.Ed. 361; West v. Smith, 101 U.S. 263, 25 L. Ed. 809; Graham v. National Surety Co., 8 Cir., 244 F. 914; Miller v. Spring Garden Ins. Co., 9 Cir., 202 F. 442; Ryan v. Becker, 136 Iowa 273, 111 N.W. 426, 14 L.R.A., N.S., 329; Fayter v. North, 30 Utah 156, 83 P. 742, 6 L.R.A.,N.S., 410; Jones v. Holland Furnace Co., 188 Wis. 394, 206 N. W. 57. The evidence of the statements of defendant's attorney does not change or modify the release, but only defines the subject matter to which it was meant to apply. We think it clearly admissible to clarify the effect of the release. Corbin, The Parol Evidence Rule, 53 Yale L.J. 603, 622, 623, and cases cited at n. 44; 9 Wigmore on Evidence, 3d Ed. 1940, § 2465, and cases cited at nn. 3 and 6.

■ Plaintiffs' objection of a lack of notice of the hearing on the summary judgment is not well taken. The hearing took place as the opening step at the trial; and the District Court at an earlier time, when denying motions for summary judgments from both sides, had said that the trial judge would be in a better position to determine the issues, and the motions were denied "without prejudice to renewal at the trial." Further, it was open to the judge to develop the issues either at a pre-trial hearing under Federal Rules of Civil Procedure, rule 16, 28 U.S.C.A. following section 723c, or at the beginning of trial and to act on the basis of the showing then made. Plaintiffs made no suggestion of further evidence available or request for adjournment, and are not in a position to object now to the disposition of the case on a construction of the release. Engl v. Ætna Life Ins. Co., 2 Cir., 139 F.2d 469, 472, 473; Madeirense Do Brasil S/A v. Stulman-Emrick Lumber Co., 2 Cir., 147 F.2d 399, certiorari denied 65 S.Ct. 1201.

Judgment affirmed