UNITED STATES of America,
Plaintiff,

v.

FRED A. ARNOLD, INC., Defendant.

No. C–74–0315 WHO.

United States District Court,
N. D. California.

June 20, 1975.

James L. Browning, Jr., U. S. Atty., Martin Schainbaum, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Barbara Ashley Phillips, San Francisco, Cal., for defendant.

OPINION

ORRICK, District Judge.

This case presents the question whether under 26 U.S.C. § 3505(a) a person, who is not an employer but who directly pays the wages of an employer's employees, is liable to the United States for the withholding and F.I.C.A. taxes required to be deducted and withheld from such wages by such employer, whether or not he has knowledge that the taxes should be deducted and withheld or that the employer is unable or unwilling to pay them.

Section 3505(a) reads as follows:

"*Liability of third parties paying or providing for wages*

(a) *Direct payment by third parties.*—For purposes of sections 3102, 3202, 3402, and 3403, if a lender, surety, or other person, who is not an employer under such sections with respect to an employee or group of employees, pays wages directly to such an employee or group of employees, employed by one or more employers, or to an agent on behalf of such employee or employees, such lender,

surety, or other person shall be liable in his own person and estate to the United States in a sum equal to the taxes (together with interest) required to be deducted and withheld from such wages by such employer." [1]

In the case at bench, the United States, as the plaintiff, brought this action under 26 U.S.C. § 3505(a) against the defendant, Fred A. Arnold, Inc., to seek collection of a sum equal to the total unpaid federal tax liabilities for withholding and F.I.C.A. taxes for the third and fourth quarters of 1969 of Jesse G. and John C. Pannell, doing business as Pannell Brothers Construction Company (hereinafter the "Pannell Company").

Plaintiff claims the defendant directly paid the wages of the Pannell Company employees within the meaning of the statute because it deposited funds used to pay the wages in a checking account in the name of the Pannell Company. The wage payments were made by checks drawn on this account and signed by defendant's agents and one of the Pannell brothers. Plaintiff contends that the only requirements for defendant's liability under Section 3505(a) are that the wage payment was made directly and that the defendant had knowledge that the funds would be used for wages. Plaintiff argues that the actual knowledge that withholding and F.I.C.A. taxes will not be paid is only required under Section 3505(b) and is not required under Section 3505(a).

The defendant contends that it did not directly pay the wages of the Pannell Company's employees during the third and fourth calendar quarters of 1969 since the funds deposited in the Pannell Company account were not disbursed directly to Pannell Company employees by the defendant. The defendant also contends that the concept of direct payment must inherently involve the knowledge, not only that the funds supplied will be used for wages, but also the knowledge that the withholding and F.I.C.A. taxes will not or could not be paid.

This Court has jurisdiction of the subject matter and the parties in this action, pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a) and 3505(a), and venue is properly laid in this Court under 28 U.S.C. § 1396.

The question of defendant's liability is presented to this Court by cross motions for summary judgment coming on for hearing as the opening step at the trial.[2] The motions are based upon the pleadings, affidavits, depositions, exhibits, interrogatories, and other documents on file in this action as well as upon the undisputed facts which were agreed to by the parties in a pretrial statement.

### I.

The undisputed facts may be summarized as follows:

The defendant is a California corporation doing business as a general building contractor. From August, 1968,

---

1. Before this statute was enacted, only "employers" were liable for income, social security, and railroad retirement taxes required to be withheld and deducted from wages. There were cases, however, where persons other than the employer directly paid the wages to the employee. Hence, problems arose because, in some instances, these other persons only paid the employees the "net wages" and did not pay, either to the employees or to the Government, the withholding taxes due the Government. The employees receiving wages received credit for the taxes required to be withheld, whether or not the Government was paid the amount of these taxes. While the employers in these cases were liable for the payment of the withholding taxes, often they were likely to be without financial resources and, as a result, recourse against them was fruitless. Furthermore, recourse could not be had against the third persons who directly paid the net wages since they were not "employers" and, therefore, were not liable for the tax. To remedy this situation Congress enacted 26 U.S.C. § 3505(a). See *U.S.Code Cong. and Admin.News* (1966), p. 3743.

2. The motion is properly made at this time. *Rotberg v. Dodwell & Co.*, 152 F.2d 100 (2d Cir. 1945).

and during all of 1969, the Pannell Company was a partnership in which Jesse Pannell and John C. Pannell were partners.

The defendant entered into contracts dated October 17, and November 20, 1968, with the Pannell Company pursuant to which the Pannell Company agreed, as a sub-contractor of defendant, to perform certain carpentry work at the United States Naval Post-Graduate School at Monterey, California, and at the United States Naval Air Station at Lemoore, California.

On December 19, 1968, a checking account was opened in the name of Pannell Company at the Monterey Branch, Wells Fargo Bank, in Monterey, California. Defendant made deposits to this account. The signature card on the account provides that the signatures of two of the three authorized individuals were required in order to negotiate checks from the account. The individuals listed as signatories on the account are Carl A. Blaisdell ("Blaisdell"), Oscar T. Davis ("Davis") and John C. Pannell. Blaisdell and Davis were employees of defendant and they were not at any time employees of the Pannell Company.

On July 1, 1969, a checking account was opened in the name of the Pannell Company at the Del Monte Branch, Wells Fargo Bank, Monterey, California, with a deposit in the form of a check drawn on the Wells Fargo Bank, Monterey Branch. Defendant also made deposits to this account.

The signature card on the Del Monte Branch account also provides that the signatures of two of the three individuals authorized were required in order to negotiate checks from this account, and the individuals listed as signatories on this account are Blaisdell, Davis and Jesse G. Pannell.

On October 31, 1969, the Pannell Company filed its employment tax return

on IRS Form 941 for its F.I.C.A. and withholding tax liabilities for the calendar quarter ending September 30, 1969, showing a total liability of $34,381.65. This amount was duly assessed and is now due and owing to the United States. On or about February 17, 1970, the Pannell Company filed its employment tax return on IRS Form 941 showing the F.I.C.A. and withholding tax liabilities for the calendar quarter ending December 31, 1969, to be $6,145.46.[3] This amount was duly assessed and is due and owing.

On October 29, 1969, a Pannell Company check was made payable to cash in the amount of $4,400. This check bears the signatures of only Blaisdell and Davis.

On October 29, 1969, a Pannell Company check was made payable to Wells Fargo Bank in the amount of $4,500, and this check bears the signatures of only Blaisdell and Davis.

On or about October 31, 1969, defendant received and deposited to its account at the United California Bank, Hollywood, California, the $4,400 in proceeds of cashier's check dated October 29, 1969, drawn on the Wells Fargo Bank, Del Monte Branch, Monterey, California, and on October 31, 1969, the defendant received and deposited to its account at the United California Bank, Hollywood, California, the $4,500 in proceeds of cashier's check dated October 29, 1969, numbered 37816 drawn on the Wells Fargo Bank, Monterey, California.

Funds paid to both of these checking accounts were used to pay wages of Pannell Company employees.

The defendant knew that this money was being used to pay the wages of the employees of the Pannell Company.

II.

The statute in question, 26 U.S.C. § 3505(a) is of recent origin and, accord-

---

3. The discrepancy between this total of $40,-527.11 and the amount plaintiff is seeking from the defendant, $19,361.38, is due to the fact that the defendant did not directly supply all of the wages of the Pannell Company employees.

ingly, lacks judicial gloss. It has been interpreted in only a few cases, but in each of those cases, unlike the case at bench, the third-party payor knew that the employer could not or would not pay the withholding and F.I.C.A. taxes.

In *Abrams v. United States,* 333 F. Supp. 1134 (S.D.W.Va.1971), the court held that although the third-party defendant Julyn Sportswear, Inc., had actual knowledge or notice that McDowell Fashions, Inc. would not or could not pay the deducted and withheld amounts of withholding and F.I.C.A. taxes to the Government, such knowledge was not required to establish liability under Section 3505(a).[4]

In *United States v. Clayton-Kent Builders, Inc.,* 378 F.Supp. 1109 (M.D. La.1974), the court held a builder liable for taxes when he issued checks to the contractor's employees, had the employees endorse the worthless checks and then return them to the builder. The court found that the defendant had the knowledge that the employer was unable or unwilling to make timely payment of the amount of tax required to be withheld and was, therefore, liable under 26 U.S. C. § 3505(b). In addition, however, the court also found that a direct payment of wages had been made by the defendant and, therefore, liability attached under 26 U.S.C. § 3505(a).

Finally, on a motion for summary judgment, the court in *United States v. Algernon Blair, Inc.,* 441 F.2d 1379 (5th Cir. 1971) held a prime contractor liable for taxes that the sub-contractor did not pay under Section 3505(b). Although the court did not discuss the issue of liability under Section 3505(a), the court pointed out that the purpose of the statute is to prevent the prime contractor from minimizing costs by escaping tax liability through the device of paying the subcontractor only enough money to cover "net" wages. Thus, in Section 3505(a) cases, the Government shall not

have the additional burden of proving that the defendant knew that the employer would not or could not pay the withholding and F.I.C.A. taxes.

Additional support for the view that knowledge of the employer's unwillingness or inability to pay the withholding and F.I.C.A. taxes is not required in order to hold the third-party defendant payor liable can be gleaned from the statute's legislative history contained in *U.S.Code Cong. and Admin.News* (1966), p. 3743. The report notes that:

"[t]hird persons who pay wages directly to employees *ordinarily* have full access to payroll information and, therefore, have essentially the same ability to determine the amount of wages due, and control over the funds available for payment, as is usually true in the case of employers. Therefore, no administrative problems are expected in these cases by holding the third parties liable for withholding taxes." (Emphasis added.)

Although the quoted passage indicates that Congress anticipated that third persons who pay wages would usually have access to this information and hence possess the knowledge that the employer would not or could not pay the taxes required, in using the word "ordinarily", it is evident that this knowledge is not an essential requirement to establish liability under Section 3505(a).

In addition, it is plain from the wording of Section 3505(a) that Congress did not intend to require knowledge that the employer is unable or unwilling to pay the withholding and F.I.C.A. taxes since such a requirement is specifically provided for in Section 3505(b), but is omitted in Section 3505(a). Section 3505(b) reads:

"If a lender, surety, or other person supplies funds to or for the account of an employer for the specific purpose of

---

4. "Liability under 26 U.S.C. § 3505(a) attaches as soon as payment is made directly to any employee, whether or not the payor

is aware that the the taxes should be deducted and withheld." At 1147.

paying wages of the employees of such employer, with *actual notice* or *knowledge* (within the meaning of section 6323(i)(1)) * * *." (Emphasis added.)

Under the well-known principle of statutory construction, *expressio unius est exclusio alterius,* it is clear Congress had no intention of requiring the third-party defendant payor to have knowledge that the employer does not intend or is unable to pay the withholding and F.I.C.A. taxes in order to be held liable under Section 3505(a).

Here it is clear that the defendant made direct payment of funds to bank accounts in the name of the Pannell Company. These funds were then used to pay the wages of the Pannell Company employees. Each payroll check was signed by at least one of the defendant's employees and, thus, direct payment of wages by the defendant corporation through its job site agents was made.

Thus, I conclude that 26 U.S.C. § 3505(a) imposes liability for unpaid employment taxes and interest on any third party who pays wages directly to employees of an employer or to any agent of the employees whether or not the payor is aware that the employer does not intend to or will not be able to make timely payment or deposit of the amounts of tax required.

Accordingly, defendant, being a "person" within the meaning of Section 3505(a), is indebted to the United States in the sum of $19,361.38 for unpaid withholding and F.I.C.A. taxes of the Pannell Company employees for the third and fourth quarters of 1969 together with interest thereon as provided by law and for all costs of suit in accordance with 28 U.S.C. § 1920.

The foregoing constitutes findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure. Plaintiff will lodge with the Court a form of judgment within ten days.